20-6175 United States v. Gross. And Mr. Autry, we are ready when you are. Thank you, your honor. May it please the court. My name is David Autry and I represent the defendant appellant in this case, Mr. Martavius Gross. It is clear from the record in this case that the district court in the final analysis abused its discretion in varying upward from an advisory guideline range of 57 to 71 months to the statutory maximum of 10 years or 120 months for Mr. Gross. And I think that's clear for a number of reasons. First of all, this is- Let me interrupt because before we get to the merits, I think we have to by your appeal waiver. And in that appeal waiver, it looks to me like the only thing that's left is a substantive reasonableness challenge if you have an above guideline sentence. And you seem to be making procedural reasonableness challenges. Your honor, we did make a procedural reasonableness challenge. My argument today is going to focus exclusively on substantive reasonableness. Did the district court abuse its discretion in varying upward from the guideline range or the advisory guideline range to the statutory maximum? So that's our argument. Does that mean for purposes of the appeal that you are giving up the claim that you briefed on procedural reasonableness? Your honor, we recognize that the terms of the plea agreement would appear to bar that claim. We maintain that claim only to the extent the court could conclude that if the court made procedural errors in setting the guideline range, that affects the overall substantive reasonableness of the sentence because there's an interplay between those two things. You know, Mr. Autry, I don't understand what your answer was. Are you giving up the procedural reasonableness claim for purposes of this appeal? No, your honor, but I'm only arguing substantive reasonableness. All right, that's all. I just want to know where you're at. Now, why is it substantively unreasonable to sentence this defendant to the statutory maximum? Number one, this is somebody who's not even convicted previously of a felony. He was on a deferred sentence for the low-level felony of false declaration to a pawnbroker. He was only criminalized in federal court because there was an outstanding civil victim protection order. So this is somebody who's been sentenced to the maximum and doesn't even have a previous felony conviction. And he has a couple of misdemeanor convictions. He has this deferred sentence that was never accelerated for a low-level felony, yet he's getting the statutory maximum. That's number one. Second of all, the district court placed tremendous emphasis on the fact that Mr. Gross, during this incident, fired a gun from the car. Now, there's no evidence that he specifically aimed the gun at this gentleman's vehicle. There's no evidence that he tried to shoot this gentleman, but he certainly did fire a gun from the car. Is the record correct? It indicates that he committed an assault while incarcerated on this matter? There was an unadjudicated accusation that while he was in the Tillman County jail, he committed an assault. He was never charged. That has never been resolved in a judicial forum. Did it affect his sentencing? Did it affect the guideline calculation? No, Your Honor. It did not affect the guideline calculation because there was no conviction. Was there any evidence before the district court regarding that assault? The only evidence was what was contained in the pre-sentence report based on a report that was the jail. There was no testimonial evidence. There was never a charge brought as a result of this supposed assault or anything else. Was there any discussion of it at sentencing? There was some discussion of it at sentencing, yes. All right. Thank you. So, in discussing the 355-3A factors, the district court was pretty clear that Mr. Gross had an extensive criminal history that started when he was only 14 years old and involved assaults and batteries, including the one that had happened since he was arrested and detained. Given that, hasn't the judge adequately explained the reason for the upward variance? I don't think so, Your Honor, because number one, all of those instances that were cited by the court were old instances, primarily when Mr. Gross was a juvenile. There were a couple of alleged domestic assaults that never resulted in criminal charges. There was this alleged assault in the jail that never resulted in criminal charges. So, when you look at Mr. Gross's convictions, that more than takes into account Mr. Gross's criminal history. He was 22 at the time he was sentenced, correct? Yes, sir. And he, according to the district court at sentencing, there had only been 11 months since he was 14 when he wasn't detained, incarcerated, or facing charges or on probation. There was really a limited amount of time for him to act, and what the court said is when he had an opportunity, he committed crimes. Well, Your Honor, most of those were unadjudicated, and I simply looked at what his record of convictions were. But that's not just what the, I mean, you're not limited at sentencing to just the convictions in terms of selecting the sentence within the guideline range, are you? No, you're not. But I would suggest that when you're dealing with unadjudicated acts or cases that were investigated for which no charges were brought, certainly that can be taken into account. But I think the weight to be given, it should be very slight. And when you compare that to Mr. Brown's criminal history, no previous felony convictions, one deferred for a minor state felony, the criminal history category more than takes into account all of that. And that's related to our argument that this sentence was ultimately substantively unreasonable because of the weight put by the district court on the shooting incident. That was fully taken into account under the advisory guidelines. So how about this idea? Maybe the district court decided that the nature of the past offenses and the shooting crime here were actually underrepresented. Maybe the district court looked at it and said, gosh, you know, these were all charged, but they never did anything with him on these violent acts of domestic violence he underrepresented in his criminal history score and in guidelines calculations. So I'm going to vary upward. What do you think about that? I would disagree with that, your honor. I think that would constitute an abuse of discretion because the criminal history category three actually could be said to overrepresent the actual criminal history of somebody who had no previous felony convictions whatsoever. All that's taken into account. The shooting is taken into account because he gets four points up for possessing a weapon in the commission of another crime. So that's fully taken into account in the advisory guidelines. The criminal history is fully taken into account in the advisory guidelines. It's questionable. Let me ask you somebody who is convicted of that possession crime who just merely had the gun sitting on the passenger seat next to him. Should a second person who possessed the same gun but pointed at someone in a threatening fashion, should they get the same sentence? I think probably the person who pointed the gun in a threatening fashion should get a higher sentence than the person who merely possessed it or constructively possessed it because the firearm is in the car. However, that was fully taken into account in the advisory guideline calculation because he got a four-point increase above the base offense level for using the weapon in the manner he used it. He also got a two-level increase because the firearm was stolen. There was no evidence that Mr. Gross stole it or was even aware that it was stolen, but the law in this circuit is it's a strict liability enhancement. So all of that is adequately taken into account. I think particularly a 10-year maximum sentence for somebody with no prior felony convictions is unreasonable when you look at it from a global perspective. The way we're going now, the second amendment is going to be exalted above all other rights contained in the Bill of Rights. We have open carry. We have concealed carry. We have carry an assault rifle around on the streets. You can carry a weapon regardless of whether you're qualified to carry a weapon or trained in carrying a weapon. We can carry weapons into public places where it's not strictly prohibited. We get the litany. What's the point? The point is a person with no prior felony conviction should not be sentenced to the maximum of 10 years imprisonment when virtually everybody in the country is running around with a gun. Not everybody in the country is running around with a gun that then they shoot at another in the vicinity of another vehicle after a road rage incident. I mean this isn't a second amendment issue here. I understand that your honor, but I think all of that is relevant. The way we view guns in this country currently is relevant to no prior felony convictions should get the statutory maximum. I would reiterate that certainly nobody is condoning what Mr. Cross did with the gun during the road rage incident. It's wrong. It's stupid. It ought to be punished. It was fully taken into account under the advisory protected from your client. I mean the district court had before him a young man who for most of his teenage and adult life had been involved in violent activity. I mean wasn't the district court allowed then to consider that and place great weight on the past violent conduct in saying look the public needs to be protected from this person so I'm going to give him the max. I don't think that there's any question that protection of the public is a relevant circumstance and I think that could have been fulfilled with the sentence within the advisory guideline range of up to 71 months. The top of the guideline range and again Mr. Cross's violent past largely resulted and no charges being filed. They're all unadjudicated. If he's really that guy why wasn't he charged with a drive-by shooting in state court as a result of this particular incident? He wasn't. Maybe that's just because he got charged in federal court. I know that happens all the time where a state case is not pursued in lieu of federal prosecution but to emphasize how supposedly violent this man is without also giving due weight to the fact that resulted in no felony convictions of any kind is taking it a step too far particularly when you're talking about sentencing somebody to the statutory maximum. Unless there are any further questions your honors I'd like to reserve whatever time I've got left. Thank you. Thank you. Mr. Krager. Thank you your honor and may it please the court. Stephen Krager on behalf of the United States. The district court properly sentenced Mr. Gross to 120 months imprisonment. Mr. Gross has challenged the substantive and procedural reasonableness of the sentence and as this court has already noted and as Mr. Autry explained the procedural aspects of the appeal are barred by an appellate waiver. Mr. Autry hasn't discussed the appellate waiver so unless the court has any questions for me on it I think I'll bypass that as well. Let me ask you this the argument seems to be that the procedural aspects of the sentence calculation is so intertwined with whether the sentence is substantively reasonable that we can't really break them out and we have to look at both. Well your honor this court has enforced appellate waivers to using the exact same language to dismiss issue procedural issues like this and in numerous cases in Tanner and Goldberg and Gomez and in Green. The case that Mr. Autry had relied upon which I believe is Barnes dealt with a very specific procedural issue and didn't deal with a waiver. The procedural issue in Barnes if I the sentence and where a sentence is inadequately explained then it becomes very difficult for this court to review the substantive reasonableness of the sentence because typically this court defers to the weight the district gives. But here where the attack is on the guidelines what this court could do and should do is dismiss the procedural components and act as if those because simply put Mr. Gross should not have raised those issues in his appeal if he was abiding by the terms of his appellate waiver. Well they're sort of they're sort of the same aren't they because he for example we talked a lot about how there's no evidence that he was pointing the gun at the other car and the district court took into account that he had shot into another car and part of his procedural analysis was that there would that would need to be proven by beyond a reasonable doubt. And there are several things like that so I mean isn't this sort of mixed up? I mean you're not suggesting that we we can't consider that evidence are you? No to the extent that there was no evidence say of Mr. Gross shooting at the vehicle that might be something that could be considered in a substantive reasonableness claim. That where you start getting into factual questions and this goes again into the I think the Barnes issue where the line there is a point where it starts getting fuzzy maybe that's an issue that this court could and should and I think Friedman this court's decision Friedman attends it essentially we take the district court at its word even in a situation like that. But to address the specific about the Mr. Gross not shooting or there not being evidence that Mr. Gross pointed a firearm at the vehicle I was planning on getting to that there actually is and that is at page 29 paragraph 14 of the record on appeal which is in the PSR and then also at pages 5 and 6 of volume 1 of the supplemental record and I believe that is a police report where Mr. Gross admitted that he pointed a firearm at AA. Now true there was no bullet hole so he must have missed the car or he may have lifted the gun up but he pointed the gun at the car. So unless there are any additional questions about the procedural issues I'll talk about the substantive issues. There are a couple of points that I strongly disagree with Mr. Atreon. First this is claimed that it's per se unreasonable for a 10-year sentence to be given to somebody who's never been convicted of a felony. Congress by enacting a 10-year statutory maximum for a 22-g-8 has provided a 10-year statutory maximum thus suggesting that Congress believe there are situations where such a statutory maximum sentence is reasonable. Another issue that I had with Mr. Atre's argument is his claim essentially that the guy a sentence outside the guidelines is per se unreasonable. It's presumptively unreasonable. This court has explained the Supreme Court has explained time and time again that a sentence outside the guideline range might not be able to be entitled to a presumption of reasonableness but it is not presumptively unreasonable and in fact going back to Barnes this court explained that the district court could use conduct contemplated by the guidelines and varying upwards or downwards as the case may be. And here as the court I think is fully aware through as indicated through its questions Mr. Gross had an extensive criminal history going all the way back to when he was 14 and he sexually assaulted a nine-year-old boy and then going at 17 when he assaulted two OJA employees and then every year from 19 until the instant offense and even after the instant offense in Tillman County engaged in violent conduct was against his ex-girlfriend but still engaged in significant violent conduct. So let me let me ask you this before the district court were these instances of violence denied by the defendant for for example did he deny that he assaulted the juvenile officers did he deny that he beat up his girlfriend did he deny that he assaulted the kid when he was 14? I don't believe so I believe the only arguments were as Mr. Autry is making the U of A were too old or that they simply weren't given criminal history points and that should be ignored but just because something's not given criminal history points doesn't mean that it can't be and here in addition the district court performed the balancing test that was required to perform it considered on the aggravating side all of Mr. Gross's violent conduct his conduct here in shooting at a vehicle traveling along the highway at highway speeds creating a danger not only to the vehicle he was shooting at but a danger to any other vehicle on the on the roadway but also considered his mitigating evidence page 29 of volume 3 of record on appeal the district court explicitly said it considered his mitigating evidence at the end of the day the question for this court is not whether it might reach a different sentence but whether the sentence reached by the district court fell within the broad range of rational sentencing choices the United States admits that it was within that broad range of rational sentencing choices unless the court has any additional questions I'd be happy to ask the Mr. Autry you have just I did have a question I was muted I didn't have a fast enough hands I'm sorry that's right Mr. Kroger do we know how much of the defendant's life he's been incarcerated um I do not have an independent recollection right now I would uh defer to Judge McHugh and or her suggested that it was 11 months but I'm not I don't have that written out yeah okay all right thank you easily reference that and I apologize no no need okay Mr. Autry oh wait they need we need to okay the time is reset so oh no there we go okay thank you your honor a couple of quick points we are not arguing that a 10-year sentence is per se unreasonable across the board certainly Congress has provided that the maximum punishment for this offense is 12 years the question here is whether a maximum sentence for somebody in Mr. Dross's position who has no previous actual felony convictions notwithstanding his juvenile record and all these unadjudicated acts is in fact a reasonable sentence and we believe that it's not a reasonable sentence for the reasons we've already stated primarily that the things the court took into account and raising the sentence well above the advisory guidelines were already taken into account by the probation office can unadjudicated acts be used in calculating punishment well absolutely they were used in this case the question is was too much weight put upon them and we submit that it was an answer to the question as to whether there were instances of violence alleged violence and Mr. Dross's past that were denied at sentencing the answer to that is no and I see my time is almost expired we would ask the court to remand this case for resentencing because the sentence was substantively unreasonable Mr. Autry refreshed my memory I did the PSR what was their recommendation the recommendation your honor was a advisory guideline range of 57 to 71 months for a defendant in criminal history three which is where they placed Mr. Gross total offense level of 23 I understand that was that their recommendation 71 months they didn't make a recommendation and what's interesting is at the end of the pre-sentence report where they say are there grounds for an upward departure of variance the probation office found no grounds for either an upward or a downward variance okay thank you thank you your honor thank you we will take this matter under advisement